# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**ALEXANDER CHAVARRIA PAREDES,**
**A-206-225-112,**

      **Petitioner,**

**vs.**                    **Case No. 4:20cv484-MW-MAF**

**WILLIAM BARR, et al.,**

      **Respondents.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case by submitting a
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1,
and a motion for leave to proceed with in forma pauperis status.  ECF No.
2.  Good cause having been shown, Petitioner's in forma pauperis motion
is granted and Petitioner is not required to pay the filing fee for this case.

Having reviewed the motion, ECF No. 2, and the petition, ECF No. 1,
it appears that this case has been initiated in the wrong court.  Petitioner, a
native of Guatemala, is detained by immigration officials at the Winn
Correctional Facility in Winnfield, Louisiana.  ECF No. 1 at 7; ECF No. 2 at

1.  This Court lacks jurisdiction over this case since Petitioner is not detained within the Northern District of Florida, nor are any named Respondents located here.  A § 2241 petition should be filed by Petitioner "in the district of confinement."  Rumsfeld v. Padilla, 542 U.S. 426, 441, 442, 124 S. Ct. 2711, 2721, 2722, 159 L. Ed. 2d 513 (2004) (citing 28 U.S.C. § 2241(b)).  Accordingly, this case should be transferred.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Western District of Louisiana, Alexandria Division, for all further proceedings.

Accordingly, it is

Case No. 4:20cv484-MW-MAF

**ORDERED:**

1.  Petitioner's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2.  Petitioner is not required to pay the filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2241, be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Alexandria Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**